IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| KAREN A. YATES,<br>Individually and on behalf of all persons similarly situated,<br>c/o SAKER LAW OFFICES<br>2929 Kenny Rd., Suite 280<br>Columbus, Ohio 43221<br><br>　　　　Plaintiffs,<br><br>vs<br><br>C & H MOTORS, INC.,<br>dba Lane & Kenny Body Shop<br>2360 Wood Ave.<br>Columbus, Ohio 43221<br><br>and<br><br>Unknown officers of C & H MOTORS, INC.<br>Does 1-10<br><br>　　　　Defendants. | Civil Action No. _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br><br>**COLLECTIVE AND<br>CLASS ACTION COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

　　　　NOW COMES Plaintiff Karen A. Yates ("Plaintiff"), individually and on behalf of all persons similarly situated, for her Complaint against C & H Motors, Inc., dba Lane & Kenny Body Shop, ("C & H"), and seeks all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; The Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, 4111.08 and 4111.10 ("The Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA") O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims brought under the Ohio Acts are brought as a class action pursuant to Fed. Civ. R. 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the conduct of others. Plaintiff individually, and on behalf of all others similarly situated, hereby

states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of the State of Ohio over which this Court maintains ancillary subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Plaintiff, and others similarly situated, in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, and Defendants do or have done substantial business in the Southern District of Ohio.

## II. PARTIES

4. Plaintiff incorporates the allegations contained in ¶¶ 1 through 3 as if fully rewritten *verbatim* herein.

5. Plaintiff is an individual, a citizen of the United States and of the State of Ohio, and resides in the Southern District of Ohio.

6. Plaintiff was employed as an hourly, non-exempt employee by Defendants from approximately May, 2018 until December, 2024.

7. At all times relevant herein, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

8. Plaintiff brings this action on her own behalf and on behalf of those similarly situated to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff's consent is filed herewith pursuant to 29 U.S.C. § 216(b), attached hereto as Exhibit A.

9. Defendant C & H Motors, Inc. is an Ohio corporation having its principal place of business in the Southern District of Ohio. Defendant operates an automobile repair garage providing

parts and collision remediation services to the general public.

10. Defendant(s) unknown officers of C & H Motors, Inc. and Does 1-10 ("Unknown Defendants") ordered the hours Plaintiff worked, tools used, and rate of pay received, and controlled all the significant or meaningful aspects of the job duties Plaintiff performed, but whose identities are currently unknown.

11. At all times relevant herein, C & H has been engaged in commerce or in the production of goods and services for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

12. Upon information and belief, C & H had annual gross volume sales and/or business in an amount not less than $500,000.00.

13. During all relevant times herein, Defendants suffered and permitted Plaintiff and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay.

14. Defendant C & H is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

15. Upon information and belief, Defendants, at all times relevant herein, were fully aware of the legal requirements to comply with wage and overtime payment laws of the United States and of the State of Ohio, and record keeping laws of the State of Ohio.

16. During all relevant times herein, Defendants had knowledge of and acted willfully in regard to its conduct described herein.

**III.     FACTUAL ALLEGATIONS**

17. During her employment with C & H, Plaintiff worked as an office clerical assistant. Plaintiff's primary duty was managing repair appointments, customer relations, answering the phone,

taking electronic payments, making deposits, preparing accounting reports, dealing with insurance companies, preparing invoices, and data entry.

18. Plaintiff was compensated at the regular rate of $21.00 per hour.

19. Plaintiff regularly worked more than forty (40) hours per week but was not paid one-and-one-half times (1.5x) her regular rate of pay for all hours worked in excess of forty (40) hours. *See* FLSA, 29 U.S.C. § 213(a)(15), (21); 29 C.F.R. § 522.109(a), (c), 552.6.

20. C & H does not pay and has not paid its employees one-and-one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) hours per workweek as required by law.

21. Plaintiff and other similarly situated employees worked more than forty (40) hours per workweek for C & H, but Defendants did not pay them any pay at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek. A true and accurate copy of a paycheck dated August 30, 2024 from C & H for the pay period August 24, 2024 through August 30, 2024 is attached hereto as Exhibit B.

22. Instead, Defendants paid Plaintiff and other similarly situated employees their base hourly rate of pay for all hours worked each week ("straight time pay") including improperly compensating Plaintiff at the straight time pay rate for those hours exceeding forty (40) hours per workweek.

23. Defendants therefore failed to compensate Plaintiff and other similarly situated employees for all hours worked in excess of forty (40) hours per workweek at one-and-one-half times (1.5x) Plaintiff's and other similarly situated employees' regular rates of pay as required by law.

### IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

24. Plaintiff brings her FLSA claim pursuant to § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective, consisting of the following:

> **All current and former hourly employees of Defendants who were paid for forty (40) or more hours of work in one or more workweeks when considering the hours worked for Defendants in the aggregate, beginning three (3) years prior to the filing of this Complaint and continuing through final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

25. Examples of employees that may be members of the FLSA Collective include but are not limited to office staff, repair technicians, painters, estimators, and other employees who provided similar services, all in aid of providing automobile repair services and parts.

26. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Plaintiff, numerous FLSA Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and/or practices. Plaintiff is a representative of those other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

27. The identities of the FLSA Collective Members are known to Defendants and are readily identifiable through C & H's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

28. Plaintiff brings her Ohio Wage Act claims pursuant to Fed. Civ R. 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly employees of Defendants who were paid for forty (40) or more hours of work in one or more workweeks when considering the hours worked for Defendants in the aggregate, beginning two (2) years prior to the filing of this Complaint and continuing through final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").**

29. The Rule 23 Class similarly includes but is not limited to office staff, repair technicians, support specialists, painters, metal workers, schedulers and other employees who provided similar services, all in aid of providing automobile repair services and parts.

30. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

31. Plaintiff is a member of the Rule 23 Class, and her claims for unpaid wages are typical of the claims of the other members of the Rule 23 Class.

32. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

33. Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

34. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

35. Questions of law and fact are common to the Rule 23 Class.

36. Class certification is appropriate under Fed. Civ. R. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

37. Class certification is appropriate under Fed. Civ. R. 23(b)(2) because because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

38. Class certification is appropriate under Fed. Civ. R. 23(b)(3) because the questions of law and fact common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

39. Questions of law and fact are common to the Rule 23 Class include, but are not limited to, the following: (a) whether Defendants violated the Ohio Acts by failing to pay the Rule 23 Class for hours worked, including those in excess of forty (40) hours per workweek; (b) whether Defendants kept

accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the Ohio Wage Act; (d) whether Defendants' violations of the Ohio Acts were knowing and willful; (e) what amounts of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Acts, and (f) what amount of prejudgment interest is due to the Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

40. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and her counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined above, or on behalf of any individual alleging a similar claim. Because damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**V. CLAIMS BROUGHT AGAINST DEFENDANTS**

<u>**COUNT I**</u>
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

41. Plaintiff hereby incorporates the allegations contained in ¶¶ 1 through 40 as if fully rewritten *verbatim* herein.

42. This claim is brought as part of a collective action by Plaintiff on behalf of herself and the FLSA Collective members.

43. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek at a rate of one-and-one-half times (1.5x) their regular rates of pay

for those overtime hours. *See* 29 U.S.C. § 207(a)(1).

44. During the three (3) years immediately preceding the filing of this Complaint, Defendants employed Plaintiff and the FLSA Collective Members.

45. Plaintiff and the FLSA Collective Members were paid on an hourly basis when working in non-exempt positions.

46. Plaintiff and the FLSA Collective Members regularly worked in excess forty (40) hours in a workweek.

47. Defendants violated the FLSA with respect to Plaintiff and the FLSA Collective by, *inter alia,* failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for hours worked over forty (40) hours in a workweek as a result of its FLSA-violating policies.

48. Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA mandated overtime wages.

49. Defendants knew or should have known the overtime payment requirements of the FLSA, yet it willfully withheld and failed to pay the overtime compensation to which Plaintiff and the the FLSA Collective Members are entitled.

50. Defendants knowingly, willfully and without justification failed to pay Plaintiff and the FLSA Collective Members the full amount of wages when due.

51. The exact amount of compensation, including overtime compensation, that Defendants failed to pay Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make precise calculations are in the possession of Defendants or not otherwise kept by Defendants.

52. As a direct and proximate result of Defendants' conduct, Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidate damages, pre- and post-judgment interest and attorneys' fees, and all

other remedies available on behalf of herself and the FLSA Collective Members.

**COUNT II**
**O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

53. Plaintiff hereby incorporates the allegations contained in ¶¶ 1 through 52 as if fully rewritten *verbatim* herein.

54. This claim is brought pursuant to Ohio law.

55. Defendant C & H is an employer subject to the overtime requirements of Ohio law.

56. Ohio law requires that employees receive overtime compensation "not less than one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked in excess of forty (40) hours in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1938." *See* O.R.C. § 4111.03(a); *see also* 29 U.S.C. § 207(a)(1).

57. While employed by Defendants, Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under § 4111.03 but were not paid at the overtime rate for this time spent working.

58. Plaintiff and the Rule 23 Class Members were not exempt from the wage and hours protections of Ohio law.

59. Defendants' repeated, knowing failure to pay overtime wages to Plaintiff constitute violations of O.R.C. § 4111.03 and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Rule 23 Class Members are entitled.

60. As the direct and proximate result of Defendants' conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation attendant thereto, liquidated damages, interest, attorneys' fees, costs, and all other remedies available on behalf of herself and the Rule 23 Class Members.

## COUNT III
### O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

61. Plaintiff hereby incorporates the allegations contained in ¶¶ 1 through 60 as if fully rewritten *verbatim* herein.

62. During the relevant time period, Defendants employed Plaintiff and the Rule 23 Class Members within the meaning of the OPPA.

63. The OPPA requires Defendants to pay all of Plaintiff's and the Rule 23 Class Members' wages, including unpaid overtime, (a) on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and (b) on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

64. During relevant times, Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages, at one-and-one-half times (1.5x) their regular rates of pay, within thirty (30) days of performing work for Defendants. *See* O.R.C. § 4113.15(B).

65. Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

66. Plaintiff states that Defendants' behavior violated the OPPA without a good faith basis, and that such violation was willful and reckless.

## COUNT IV
### O.R.C. § 4111.08 – RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

67. Plaintiff hereby incorporates the allegations contained in ¶¶ 1 through 66 as if fully rewritten *verbatim* herein.

68. Plaintiff states that the Ohio Wage Act requires employers to maintain and preserve payroll and other records containing, *inter alia,* the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *see also* 29 C.F.R. § 516.2 *et seq.*

69. During all times relevant, C & H was a covered employer and was therefore required to comply with the mandates of the Ohio Wage Act.

70. Plaintiff and the Rule 23 Class Members were covered employees entitled to the protections of the Ohio Wage Act.

71. During all times relevant, Defendants violated the Ohio Wage Act with respect to Plaintiff and the Rule 23 Class Members by failing to Maintain properly accurate records of all hours that Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

72. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act requirements.

## VI. PRAYER FOR RELIEF

WHEREFORE, upon the aforestated claims, Plaintiff prays for an order against Defendants, jointly and severally, as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendants failed to keep accurate records in accordance with the FLSA and Ohio law and that Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Plaintiff and the FLSA Collective Members a judgment for unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including

overtime wages, as to be determined at trial together with any liquidated damages allowed by Ohio law;

G. Awarding to Plaintiff, the FLSA Collective Members and the Rule 23 Class Members costs, disbursements, pre- and post-judgment interest, and reasonable allowances for attorneys' fees, expert witness fees, and other expenses of litigation;

H. Awarding to Plaintiff, the FLSA Collective Members and the Rule 23 Class Members such other relief as the Court deems to be just and proper;

I. Issuance of an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio law, and

J. Granting Plaintiff leave to amend her Complaint to join additional parties and/or to bring additional claims for relief should information supporting same become available through or as the result of discovery.

Respectfully submitted,

SAKER LAW OFFICES

**/s/Theodore R. Saker, Jr.**
Theodore R. Saker, Jr.            (0023292)
2929 Kenny Rd., Suite 280
Columbus, Ohio  43221-2400
Phone 614/488-9900
Facsimile 614/488-5238
Email ted@saker-law.com
Trial Counsel for Plaintiff

### JURY DEMAND

Plaintiff hereby requests a trial by jury.

**/s/Theodore R. Saker, Jr.**
Theodore R. Saker, Jr.
Trial Counsel for Plaintiff