**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KAREN A. YATES,** *et al.*, | ) | |
| | ) | Judge Michael H. Watson |
| *Plaintiffs,* | ) | |
| | ) | Magistrate Judge Chelsey M. Vascura |
| | ) | |
| | ) | |
| **C & H MOTORS, INC.**, *et al.* | ) | Case No. 2:25-cv-00151 |
| | ) | |
| *Defendants.* | ) | **JURY DEMAND ENDORSED HEREON** |

### ANSWER AND COUNTERCLAIMS OF DEFENDANTS

Now come Defendants, C & H Motors, Inc, and the Officers of C & H Motors ("Defendants"), by and through undersigned counsel, and for their response to the Complaint filed February 14, 2025 ("Complaint") Defendants hereby assert all of their Constitutional, statutory and procedural rights, afforded to them by the Constitution Statutes of the United States in addition to those afforded them by the Federal Rules of Civil Procedure.  Although Defendants offer responses to the averments and allegations contained in the Complaint, the Defendants' responses to those averments or allegations it is in no way a waiver of the Defendants' right to oppose and object to class certification.  Plaintiffs are collectively referred to as "Plaintiff."  Without waiving any rights in that regard, the Defendants hereby state and answers as follows:

The preliminary, introductory paragraph on Page One calls for legal conclusions which do not require a response, further answering, Defendants DENY the entirety of this paragraph. Defendants admit that this case purports to be an action for violations of the Fair Labor Standards Act, 29 U.S.C §201 ("FLSA"), The Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, 4111.08 and 4111.10 ("The Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA")

O.R.C. § 4113.15 (state law collectively referred to as the "Ohio Acts") but it is denied that Plaintiff is entitled to any relief sought in the Complaint.

1. Defendants DENY the averments contained within Paragraph (1) of Plaintiff's Complaint.

2. Defendants DENY the averments contained within Paragraph (2) of Plaintiff's Complaint.

3. Defendants ADMIT that although the Complaint contains no legitimate causes of action, venue over the dispute is properly in the Southern District of Ohio.

4. Defendants repeat all their previous answers as if fully rewritten therein, as to the averments contained within Paragraph (4) of Plaintiff's Complaint.

5. Defendants are without sufficient information as to the averments contained within Paragraph (5) of Plaintiff's Complaint, therefore, DENY same.

6. Defendants ADMIT the averments contained within Paragraph (6) of Plaintiff's Complaint.

7. Defendants ADMIT the averments contained within Paragraph (7) of Plaintiff's Complaint.

8. Defendants DENY the averments contained within Paragraph (8) of Plaintiff's Complaint.

9. Defendants ADMIT the averments contained within Paragraph (9) of Plaintiff's Complaint.

10. Defendants DENY the averments and allegations in paragraph (10) of the Complaint.

11. Defendants ADMIT they engage in commerce but DENY the remaining averments and allegations in paragraph (11) of the Complaint.

12. Defendants ADMIT the averments contained within Paragraph (12) of Plaintiff's Complaint.

13. Defendants DENY the averments contained within Paragraph (13) of Plaintiff's Complaint.

14. Defendants DENY the averments contained within Paragraph (14) of Plaintiff's Complaint.

15. Defendant ADMITS the averments contained within Paragraph (15) of Plaintiff's Complaint.

16. Defendants DENY the averments contained within Paragraph (16) of Plaintiff's Complaint.

17. Defendants DENY the averments contained within Paragraph (17) of Plaintiff's Complaint.

18. Defendants DENY the averments contained within Paragraph (18) of Plaintiff's Complaint.

19. Defendants DENY the averments contained within Paragraph (19) of Plaintiff's Complaint.

20. Defendants DENY the averments contained within Paragraph (20) of Plaintiff's Complaint.

21. Defendants DENY the averments contained within Paragraph (21) of Plaintiff's Complaint.

22. Defendants DENY the averments contained within Paragraph (22) of Plaintiff's Complaint.

23. Defendants DENY the averments contained within Paragraph (23) of Plaintiff's Complaint.

24. Defendants DENY the averments contained within Paragraph (24) of Plaintiff's Complaint. Further answering, Defendants admit that Plaintiff purports to attempt to bring an action on behalf of a class and simultaneously serve as class counsel. Defendants deny that Plaintiff's claim may be properly adjudicated as a class action, that Plaintiff has defined an appropriate class, that Plaintiff is a proper class representative, and that Plaintiff's claims have any factual or legal basis. Any remaining allegations are denied, and strict proof is demanded thereof as related to paragraphs 24 through and including paragraph 40 of the Complaint.

25. Defendants DENY the averments contained within Paragraph (25) of Plaintiff's Complaint.

26. Defendants DENY the averments contained within Paragraph (26) of Plaintiff's Complaint.

27. Defendants DENY the averments contained within Paragraph (27) of Plaintiff's Complaint.

28. Defendants DENY the averments contained within Paragraph (28) of Plaintiff's Complaint.

29. Defendants DENY the averments contained within Paragraph (29) of Plaintiff's Complaint.

30. Defendants DENY the averments contained within Paragraph (30) of Plaintiff's Complaint.

31. Defendants DENY the averments contained within Paragraph (31) of Plaintiff's Complaint.

32. Defendants DENY the averments contained within Paragraph (32) of Plaintiff's Complaint.

33. Defendants DENY the averments contained within Paragraph (33) of Plaintiff's Complaint.

34. Defendants DENY the averments contained within Paragraph (34) of Plaintiff's Complaint.

35. Defendants DENY the averments contained within Paragraph (35) of Plaintiff's Complaint.

36. Defendants DENY the averments contained within Paragraph (36) of Plaintiff's Complaint.

37. Defendants DENY the averments contained within Paragraph (37) of Plaintiff's Complaint.

38. Defendants DENY the averments contained within Paragraph (38) of Plaintiff's Complaint.

39. Defendants DENY the averments contained within Paragraph (39) of Plaintiff's Complaint.

40. Defendants DENY the averments contained within Paragraph (40) of Plaintiff's Complaint.

## COUNT I
## FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

41. Defendants repeat all previous answers set forth above as if fully rewritten herein.

42. Defendants DENY the averments contained within Paragraph (42) of Plaintiff's Complaint. Further answering, Defendants admit that Plaintiff purports to attempt to bring an action on behalf of a class and simultaneously serve as class counsel. Defendants deny that Plaintiff's claim may be properly adjudicated as a class action, that Plaintiff has defined an appropriate class, that Plaintiff is a proper class representative, and that Plaintiff's claims have any factual or legal basis. Any remaining allegations are denied, and strict proof is demanded thereof as related to paragraphs 42 through and including paragraph 52 of the Complaint.

43. Defendants DENY the averments contained within Paragraph (43) of Plaintiff's Complaint.

44. Defendants DENY the averments contained within Paragraph (44) of Plaintiff's Complaint.

45. Defendants DENY the averments contained within Paragraph (45) of Plaintiff's Complaint.

46. Defendants DENY the averments contained within Paragraph (46) of Plaintiff's Complaint.

47. Defendants DENY the averments contained within Paragraph (47) of Plaintiff's Complaint.

48. Defendants DENY the averments contained within Paragraph (48) of Plaintiff's Complaint.

49. Defendants DENY the averments contained within Paragraph (49) of Plaintiff's Complaint.

50. Defendants DENY the averments contained within Paragraph (50) of Plaintiff's Complaint.

51. Defendants DENY the averments contained within Paragraph (51) of Plaintiff's Complaint.

52. Defendants DENY the averments contained within Paragraph (52) of Plaintiff's Complaint.

## COUNT II
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

53. Defendants repeat all previous answers set forth above as if fully rewritten herein.

54. Defendants DENY the averments contained within Paragraph (54) of Plaintiff's Complaint. Further answering, Defendants admit that Plaintiff purports to attempt to bring an action on behalf of a class and simultaneously serve as class counsel. Defendants deny that Plaintiff's claim may be properly adjudicated as a class action, that Plaintiff has defined an appropriate class, that Plaintiff is a proper class representative, and that Plaintiff's claims have any factual or legal basis. Any remaining allegations are denied, and strict proof is demanded thereof as related to paragraphs 54 through and including paragraph 60 of the Complaint.

55. Defendants DENY the averments contained within Paragraph (55) of Plaintiff's Complaint.

56. Defendants DENY the averments contained within Paragraph (56) of Plaintiff's Complaint.

57. Defendants DENY the averments contained within Paragraph (57) of Plaintiff's Complaint.

58. Defendants DENY the averments contained within Paragraph (58) of Plaintiff's Complaint.

59. Defendants DENY the averments contained within Paragraph (59) of Plaintiff's Complaint.

60. Defendants DENY the averments contained within Paragraph (60) of Plaintiff's Complaint.

## COUNT III
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

61. Defendants repeat all previous answers set forth above as if fully rewritten herein.

62. Defendants DENY the averments contained within Paragraph (62) of Plaintiff's Complaint. Further answering, Defendants admit that Plaintiff purports to attempt to bring an action on

behalf of a class and simultaneously serve as class counsel. Defendants deny that Plaintiff's claim may be properly adjudicated as a class action, that Plaintiff has defined an appropriate class, that Plaintiff is a proper class representative, and that Plaintiff's claims have any factual or legal basis. Any remaining allegations are denied, and strict proof is demanded thereof as related to paragraphs 62 through and including paragraph 66 of the Complaint.

63. Defendants DENY the averments contained within Paragraph (63) of Plaintiff's Complaint.

64. Defendants DENY the averments contained within Paragraph (64) of Plaintiff's Complaint.

65. Defendants DENY the averments contained within Paragraph (65) of Plaintiff's Complaint.

66. Defendants DENY the averments contained within Paragraph (66) of Plaintiff's Complaint.

## COUNT IV
### O.R.C. § 4111.08 – RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

67. Defendants repeat all previous answers set forth above as if fully rewritten herein.

68. Defendants DENY the averments contained within Paragraph (68) of Plaintiff's Complaint. Further answering, Defendants admit that Plaintiff purports to attempt to bring an action on behalf of a class and simultaneously serve as class counsel. Defendants deny that Plaintiff's claim may be properly adjudicated as a class action, that Plaintiff has defined an appropriate class, that Plaintiff is a proper class representative, and that Plaintiff's claims have any factual or legal basis. Any remaining allegations are denied, and strict proof is demanded thereof as related to paragraphs 68 through and including paragraph 72 of the Complaint.

69. Defendants DENY the averments contained within Paragraph (69) of Plaintiff's Complaint.

70. Defendants DENY the averments contained within Paragraph (70) of Plaintiff's Complaint.

71. Defendants DENY the averments contained within Paragraph (71) of Plaintiff's Complaint.

72. Defendants DENY the averments contained within paragraph (72) of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses with respect to Plaintiff's causes of actions and claims contained in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred on the grounds that they fail to set forth a claim upon which relief may be granted and fail to set forth sufficient ultimate facts in support of a claim for violation of the FLSA.

### SECOND AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred because Plaintiff fails to satisfy all conditions precedent and necessary to maintain these claims.

### THIRD AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred by the employee exceptions provided under the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred because Plaintiff and members of the purported class did not work the hours claimed, did not perform the duties claimed or did not suffer any actual damages.

### FIFTH AFFIRMATIVE DEFENSE

77. Some or all of Plaintiff's claims should be barred because Plaintiff failed to mitigate, limit, or avoid their alleged damages. Defendants are entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid those alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims for damages are barred because Defendants did not knowingly or willfully engage in any misconduct and relied in good faith upon interpretations and ruling issued by the Department of Labor.

## SEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on Defendants under the FLSA and/or the Ohio Acts would violate the Due Process provisions of both the United States Constitution and the Ohio Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

80. Some or all of Plaintiff's claims should be barred for lack of standing due to the absence of the requisite injury necessary to possess the required standing.

## NINTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred by the Doctrines of Unclean Hands, Waiver, and/or Estoppel. The Plaintiff's actions described herein were intentional and unethical.

## TENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred because Plaintiff willfully and intentionally made illegal and improper use of process by filing fabricated time sheets, timecards, attendance logs, etc. Plaintiff had ulterior motives and purposes in exercising a flawed process including, but not limited to, attempting to illicit settlement.  As such, Plaintiff's actions caused injury to Defendants, and Plaintiff's claims should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims may be barred by any or all the affirmative defenses contemplated by the Federal and Ohio Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Defendants incorporate all such defenses set forth in, or contemplated by, the Federal and Ohio Rules of Civil Procedure.

## TWELFTH AFFIRMATIVE DEFENSE

84. The putative class should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

## THIRTEENTH AFFIRMATIVE DEFENSE

85. The putative class should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

## FOURTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff's damages, if any, are the result of Plaintiff's own actions, omissions, or conduct or because of third parties over whom Defendant had no control.

NOW, THEREFORE, having fully Answered, Defendants pray that Plaintiff's claims be dismissed with prejudice as to the Defendants, at Plaintiff's costs, that this Honorable Court grant the Defendant, judgment against Plaintiff for attorneys' fees and costs, plus any other relief that this Honorable Court deems fair and equitable.

Respectfully submitted,

PETERSON LAW LLP

/s/ Gregory S. Peterson
GREGORY S. PETERSON (0061915)
ISTVAN GAJARY (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: 614.365.7000
Facsimile: 614.220.0197
gpeterson@peterson-llp.com
igajary@peterson-llp.com

*Counsel for Defendants*

## JURY DEMAND

Defendants demand a trial by a jury of eight (8) as to all triable issues thereto.

/s/ Gregory S. Peterson
GREGORY S. PETERSON (0061915)

- 10 -

**COUNTERCLAIMS OF DEFENDANTS AGAINST PLAINTIFF KAREN YATES**

Now come Defendants for their Counterclaims against Plaintiff, Karen Yates (hereinafter "Plaintiff Yates"), hereby state as follows (jurisdiction, venue and parties are identical as set forth above and are incorporated by reference):

**FACTUAL ALLEGATIONS**

1. Plaintiff Yates began working for Defendants on April 27, 2018, and ended her employment on December 28, 2024.

2. Plaintiff Yates was solely and exclusively in charge of the digital time clock and book-keeping for Defendants as well as generally responsible for maintaining the customer relations and the day-to-day affairs of the front office.

3. Plaintiff Yates was hired as an expert in QuickBooks and accounting as she represented during her interview and hiring process.

4. Plaintiff Yates was not only not an expert is these areas but was not even marginally competent.  Plaintiff Yates was hired based on her affirmative representations that she was fully experienced and trained to perform the duties as administrator of accounting and was qualified to perform the role of the sole office manager.

5. Plaintiff Yates job performance was so deficient and incompetent regarding her accounting duties Defendants were forced to hire outside help at significant additional expense to the Defendants.

6. Plaintiffs expressed job duties included answering the phone, assisting with insurance related claims, assisting with customers, and most importantly accounting for all funds received and all funds disbursed, including payroll, in Quick Books.

7. Plaintiff Yates was also responsible for processing the weekly payroll.

8. Plaintiff Yates was expressly obligated, as part of her accounting and office management duties, to keep track of all employee hours worked, including her own, accurately and timely.

9. Plaintiff Yates was solely responsible for making sure each employee got paid properly and timely for all compensation owed to them by Defendant.

10. Plaintiff Yates unilaterally and without the authorization or knowledge of Defendants gave herself unauthorized raises and manipulated and falsified hours worked, including her own hours.

11. Said falsification and manipulation directly resulted in overpayment to Plaintiff Yates, as well as other employees, to which they knew they were not entitled.  Plaintiff Yates falsified compensable hours on multiple employee paychecks, including her own.

12. Defendants had in place an Employee Handbook which specifically and expressly prohibited her unilateral and unauthorized activities.

13. Plaintiff Yates was not only aware of the Employee Handbook but was very familiar with its provisions and limitation on her activities that it specifically set forth.  In fact, Plaintiff Yates often boastfully and emphatically made sure everyone knew the Employee Handbook existed and insisted that it be followed.

14. Plaintiff Yates often colluded with multiple employees to spread untrue, false and misleading information throughout the company regarding Defendants and daily operations, leading to a hostile and severely unprofessional work environment.

15. Plaintiff Yates took advantage of the Defendants and far exceeded and abused her authority when officers of C&H Motors Inc were unavailable and vulnerable, often during times none of her superiors were in the office.

16. Immediately following the filing of the instant action, an abbreviated audit of Plaintiff Yates' records and behavior while employed with Defendants has clearly established that all claims contained in her Complaint are erroneous and unsupported in fact or law.

17. Plaintiff Yates' unlawful and detrimental actions while employed by Defendants were a period of brazen embezzlement and fraud by a trusted administrative employee.

### COUNT I
**Breach of Duty of Loyalty/Faithless Servant against Plaintiff Yates**

18. Defendants reallege and incorporate by reference paragraph numbers 1 through 17 of its Counterclaims as though fully rewritten herein.

19. As an employee of Defendants, Plaintiff Yates owed Defendants a common law duty of loyalty to perform her duties in good faith and not act to the detriment of Defendants.

20. Based on the conduct alleged above, Plaintiff Yates has acted in her own self-interest and has breached her duty of loyalty to Defendants.

21. Plaintiff Yates's breach of her duty of loyalty caused damage to Defendants in an amount in excess of $25,000.

22. The acts and/or omissions of Plaintiff Yates were deliberate, intentional, knowing, willful, reckless, and/or malicious and demonstrate malice and aggravated or egregious fraud.

23. Based upon the foregoing and due to the willful, wanton, and malicious nature of her conduct, Defendants are entitled to an award of punitive damages plus attorneys' fees, costs, and interest against Plaintiff Yates.

### COUNT II
**Unjust Enrichment Against Plaintiff Yates**

24. Defendants reallege and incorporate by reference paragraph numbers 1 through 23 of its Counterclaims as though fully rewritten herein.

25. As a result of the acts and/or omissions set forth above, Plaintiff Yates received benefits from Defendants in the form of misappropriated and embezzled funds totaling more than $25,000.

26. As result of the acts and/or omissions set forth above, Plaintiff Yates has been unjustly enriched.

27. The benefits received were procured by fraud, theft, and bad faith.

28. Defendants are entitled to recover as damages the value of Plaintiff Yates' enrichment in the amount of no less than $25,000.

29. The acts and/or omissions of Plaintiff Yates are deliberate, intentional, knowing, willful, reckless, and/or malicious and demonstrate malice and aggravated or egregious fraud.

30. Based upon the foregoing and due to the willful, wanton, and malicious nature of their conduct, Defendants are entitled to an award of punitive damages plus attorneys' fees, costs, and interest against Plaintiff Yates.

## <u>COUNT III</u>
**Fraud Claim Against Plaintiff Yates**

31. Defendants reallege and incorporate by reference paragraph numbers 1 through 30 of its Counterclaims as though fully rewritten herein.

32. At all relevant times, Plaintiff Yates was in a position of trust as a management-level employee of Defendants and had the responsibility to provide true and accurate information to Defendants regarding their accounts, suppliers, vendors, financial affairs, payroll, hours worked, expenses paid, reimbursement, etc.

33. Plaintiff Yates was aware of this duty and represented she was in compliance with the Defendants' company policies and procedures every year of her employment with Defendants.

34. During her employment, Plaintiff Yates communicated directly with Defendants' management as well as through entries made within Defendants' accounting software system regarding transactions involving Defendants' day-to-day operations and ongoing affairs.

35. Although Defendants are still working to uncover the depth and complexity of Plaintiff Yates dishonesty, Defendants have determined that Plaintiff Yates made intentionally false statements to Defendants through numerous communications to Defendants' management team throughout the entire period of her employment.

36. Defendants reasonably relied on the foregoing false misrepresentations to its detriment.

37. As a direct and proximate result of the actions of Plaintiff Yates, Defendants have been damaged in an amount in excess of $25,000.

38. The acts and/or omissions of Plaintiff Yates were deliberate, intentional, knowing, willful, reckless, and/or malicious and demonstrates malice and aggravated or egregious fraud.

## **PRAYER FOR RELIEF**

Based upon the foregoing and due to the willful, wanton, and malicious nature of their conduct, Defendants are entitled to an award of direct, indirect and consequential damages, punitive damages, attorneys' fees, costs, and interest against Plaintiff Yates as well as any additional award to which the Court determines the Defendants are entitled.

Respectfully submitted,

- 15 -

PETERSON LAW LLP

 /s/ Gregory S. Peterson
GREGORY S. PETERSON (0061915)
ISTVAN GAJARY (0089084)
545 Metro Place South, Suite 435
Dublin, Ohio 43017
Telephone: 614.365.7000
Facsimile: 614.220.0197
gpeterson@peterson-llp.com
igajary@peterson-llp.com

*Counsel for Defendants*

## JURY DEMAND

Defendants demand a trial by a jury of eight (8) as to all triable issues thereto.

 /s/ Gregory S. Peterson
GREGORY S. PETERSON (0061915)

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 2025, a true and accurate copy of the foregoing *Answer and Counterclaims of Defendants* was filed electronically using the Court's ECF system which will electronically serve all represented parties.

 /s/ Gregory S. Peterson
GREGORY S. PETERSON (0061915)

- 16 -