UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN A. YATES,

      Plaintiff,

  v.                                             Civil Action 2:25-cv-151
                                               Judge Michael H. Watson
                                               Magistrate Judge Chelsey M. Vascura

C & H MOTORS, INC.,
d/b/a LANE & KENNY BODY SHOP,
*et al.*,

      Defendants.

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Strike, Dismiss, or to Enjoin Defendant's Second Amended Counterclaim (ECF No. 31). Therein, Plaintiff contends that Defendants have impermissibly amended their counterclaim more than once as matter of course (without either Plaintiff's consent or leave of Court) in violation of Federal Rule of Civil Procedure 15(a)(1)–(2).

      By way of background, Plaintiff commenced this action by filing her original Complaint on February 14, 2025. (ECF No. 1.) The sole Defendant named in the Complaint, C&H Motors, Inc., *d/b/a* Lane & Kenny Body Shop, filed an Answer and Counterclaim on May 21, 2025. (ECF No. 7.) In response, Plaintiff simultaneously filed a Motion to Dismiss Defendant's Counterclaim under Rule 12(b)(6) (ECF No. 13) and a Motion to Amend the Complaint (ECF No. 14) on June 20, 2025. As Defendant confirmed it did not oppose Plaintiff's proposed pleading amendment, the Court granted Plaintiff's Motion to Amend the Complaint and

docketed Plaintiff's First Amended Complaint on June 23, 2025. (ECF Nos. 17, 20.) The Amended Complaint named Bruce Anderson and James Fultz as additional Defendants, and on July 7, 2025, all three Defendants filed an Answer to Plaintiff's Amended Complaint and restated the prior Counterclaim. (ECF No. 22.) Plaintiff again moved to dismiss the Counterclaim under Rule 12(b)(6) on July 11, 2025 (ECF No. 23). On July 28, 2025, Defendants filed an Amended Answer and Counterclaim. (ECF No. 27). Defendants did not obtain Plaintiff's consent or leave of Court to file either their Answer to Plaintiff's Amended Complaint and Counterclaim (ECF No. 22) or their Amended Answer and Counterclaim (ECF No. 27).

  Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b) . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). Plaintiff asserts that Defendants have impermissibly amended their pleading without Plaintiff's consent or leave of court more than once in violation of this Rule. However, as Plaintiff acknowledges, the first "amended counterclaim" filed on July 7, 2025 (ECF No. 22), "was, in all material respects, identical to the original counterclaim." (Pl.'s Mot. 2, ECF No. 31.) In fact, Defendants filed the first "amended counterclaim" only in response to Plaintiff's Amended Complaint (ECF No. 20). The Court has conducted a redline comparison of the two documents and finds no substantive changes between them. Defendants made only minor changes to correct (or, on occasion, introduce) typos. Thus, the first "amended counterclaim" at ECF No. 22 was *not* an amendment as a matter of course under Rule 15(a)(1). Indeed, it was not an amendment *at all*. Thus, when Plaintiff filed a motion to dismiss the first "amended counterclaim" under Rule 12(b)(6) on July 11, 2025 (ECF No. 23), Defendants were permitted to file an amended counterclaim within 21 days as a matter of course, without Plaintiff's consent or

2

leave of Court, under Rule 15(a)(1). Defendants did so on July 28, 2025 in compliance with Rule 15. (ECF No. 27.) Rule 15 therefore provides no grounds for striking Defendants' most recent pleading.

And even if Defendants were required to obtain Plaintiff's consent or leave of Court to file the July 28, 2025 Amended Answer and Counterclaim under Rule 15(a)(2), there are grounds to permit amendment. This case is in its procedural infancy, Defendants exhibited no delay in seeking amendment, and the Court can discern no prejudice to Plaintiff as a result of the amendment. Accordingly, under both Rule 16 (which requires parties to demonstrate good cause for extending the June 20, 2025 deadline for motions to amend the pleadings) or Rule 15 (which requires the Court to "freely give leave" to amend "when justice so requires"), Defendants have met the necessary standard to obtain leave of Court to amend their Counterclaim.

For these reasons, Plaintiff's Motion to Strike, Dismiss, or to Enjoin Defendant's Second Amended Counterclaim (ECF No. 31) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE