**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KAREN A. YATES,**
*individually and on behalf of all persons*
*similarly situated,*

              **Plaintiff,**          **Civil Action 2:25-cv-151**
                                      **Judge Michael H. Watson**
     **v.**                           **Magistrate Judge Chelsey M. Vascura**

**C & H MOTORS, INC.,**
*d/b/a Lane & Kenny Body Shop, et al.,*

              **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, Karen A. Yates, individually and on behalf of all persons similarly situated, sues Defendants, C&H Motors, Inc., Bruce Anderson, and James Fultz for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and several Ohio wage and hour statutes. In addition to Plaintiff Yates, two individuals filed a notice of their consent to join Plaintiff's proposed FLSA collective action: Christopher Walker and Jeremy Walker. (ECF No. 6.) Christopher Walker later indicated to Plaintiff's counsel that he intended to withdraw from the action. (*See* Order Memorializing Apr. 7, 2026 Conference, ECF No. 52.) This matter is before the Court on Defendants' Motion to Dismiss Opt-In Plaintiff Jeremy Walker for Failure to Prosecute (ECF No. 53). No party has opposed the Motion and the time to do so has now

expired. For the reasons below, it is **RECOMMENDED** that Defendants' Motion to Dismiss Opt-In Plaintiff Jeremy Walker for Failure to Prosecute (ECF No. 53) be **GRANTED**.

By way of background, the undersigned held a telephone conference on April 7, 2026, to address Plaintiff's oral motion for a protective order to prevent Defendants from taking discovery from Jeremy Walker, the only remaining opt-in Plaintiff. (ECF No. 52.) The undersigned denied that motion, finding that "Plaintiff has identified no circumstances that would make such discovery inappropriate" and that "[w]ith a collective of two individuals, it is fully reasonable for Defendants to seek discovery from both." (*Id.*) The undersigned further noted that "[i]f any opt-in plaintiffs refuse to participate in discovery, Defendants may move to dismiss those individuals from this action with prejudice." (*Id.*) With that guidance from the Court, the parties agreed that both Karen Yates and Jeremy Walker would respond to Defendants' outstanding discovery requests by April 21, 2026. (*Id.*)

Mr. Walker, however, failed to comply with that agreement. On April 19, 2026, Defendants filed the subject Motion to Dismiss Opt-In Plaintiff Jeremy Walker for Failure to Prosecute. (ECF No. 53.) Therein, Defendants represent that Mr. Walker has ceased communicating with Plaintiff's counsel, such that counsel has been unable to reach Mr. Walker for some time and that Mr. Walker has failed to return at least three of Plaintiff's counsel's phone calls. Nor has he provided any response to Defendants' discovery requests.

Under these circumstances, the undersigned recommends dismissal of Mr. Walker's claims pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the

2

dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Mr. Walker failed to comply with his discovery obligations, even when given an extension of time to do so, and without any explanation or justification for the failure. This failure prejudiced Defendants, who expended unnecessary time and effort in propounding discovery requests on Mr. Walker and seeking court intervention to obtain his compliance. *See Schafer*, 529 F.3d at 739 ("The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.") (cleaned up). Moreover, Mr. Walker was expressly cautioned that dismissal with prejudice may result from his failure to cooperate in discovery. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).

3

Finally, under the circumstances, no alternative sanction would protect the integrity of the pretrial process. Having affirmatively opted in to the collective action, Mr. Walker undertook responsibilities to participate in the litigation as required by the FLSA and the Federal Rules of Civil Procedure. He has utterly failed to fulfil those obligations. A further extension of time or monetary sanctions are unlikely to secure compliance when Mr. Walker has ceased all communication with his counsel.

Accordingly, it is **RECOMMENDED** that opt-in Plaintiff Jeremy Walker be **DISMISSED WITH PREJUDICE** from this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

4

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE