**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KAREN A. YATES,**

**Plaintiff,**

**v.**

**C & H MOTORS, INC., et al.,**

**Defendants.**

**Case No. 2:25-cv-151**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Vascura**

**OPINION AND ORDER**

This is an overtime pay dispute. Plaintiff Karen A. Yates sued her former employer, defendant C&H Motors, Inc., and two of its managers, defendants Bruce Anderson and James Fultz (collectively C&H), under the Fair Labor Standards Act and two Ohio fair-wage acts. (Am. Compl. Doc. 20, #90–91). Yates alleges that C&H failed to compensate her and similar employees' overtime work at the one-and-one-half times rate set by law. (*Id.* at #97). C&H answered and counterclaimed, alleging that Yates falsified her own and other employees' timekeeping records and by doing so breached her duty of loyalty, unjustly enriched herself, and committed fraud. (Am. Answer & Countercl., Doc. 27, #173–74).

Yates now requests judgment on the pleadings as to the counterclaims. (Doc. 48). She argues the Court should dismiss them for two reasons: (1) as to all counterclaims, because they fall outside the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and (2) as to only the fraud counterclaim, because C&H did not comply with Federal Rule of Procedure 9(b). (Doc. 48, #314). Yates also requests that

the Court issue judgment in her favor on an FLSA retaliation claim she raised in response to C&H's counterclaims. (*Id.* at #318–325).

For the reasons explained below, the Court **DENIES** Yates's motion for judgment on the pleadings. (Doc. 48).

## BACKGROUND[1]

Yates worked as C&H's office manager for several years. (Doc. 27, #173; Fultz Decl., Doc. 27-2, #184). That job put her in charge of "compiling employee timekeeping records, processing payroll for all C&H employees, facilitating transactions with vendors for the purchase of shop and vehicle materials, disbursing payments for various business expenses," (Doc. 27-2, #184), and more generally, managing the "day-to-day affairs of the front office," (Doc. 27, #173; *see also* Doc. 20, #93). Yates was the only employee at C&H responsible for maintaining the company's timekeeping and payroll records. (Doc. 27, #173). In that role, she was obligated "to keep track of all employee hours worked, including her own, accurately and timely." (*Id.*). This required her to enforce (and comply with) C&H's employee handbook, which contained an overtime policy that prohibited employees from working more than forty hours in a week without first obtaining authorization from their manager. (Doc. 27-2, #184, 187).

[1] Because this matter is before the Court on Plaintiff's motion for judgment on the pleadings (Doc. 48), the Court must accept the well-pleaded allegations in the counterclaim as true. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). So while the Court relies on the counterclaim's allegations to recount the case's background, it reminds the reader that they are just that—allegations.

For reasons that are not clear at this juncture, Yates stopped working at C&H on December 28, 2024. (Doc. 27, #173). Forty-eight days later, she sued C&H under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (FLSA), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code (R.C.) § 411.01–.99, and the Ohio Prompt Pay Act, R.C. § 4113.15. (Compl., Doc. 1, #1; *accord* Doc. 20, #90–91). Yates brought her FLSA claim as a collective action under 29 U.S.C. § 216(b) and her state-law claims as a putative class action under Federal Rule of Civil Procedure 23. (Doc. 20, #91). Her basic allegation is that C&H undercompensated its employees for their overtime work. On Yates's telling of the facts, C&H would compensate an employee for the work they completed over forty hours in a week, but only at that employee's regular hourly rate instead of the FLSA-mandated one-and-one-half times rate. *See* 29 U.S.C. § 207(a)(1); (Doc. 20, #93–94). Yates also alleges that C&H failed to accurately record the number of hours its employees worked each workday. *See* R.C. § 4111.08; (Doc. 20, #100). Yates ultimately wants C&H to make up the difference for those undercompensated hours and to pay out liquidated damages under the FLSA. (Doc. 20, #103–104).

C&H answered and counterclaimed. (Doc. 27).[2] As C&H tells it, Yates "unilaterally, and without the authorization or knowledge of [C&H], gave herself

[2] The parties have amended their pleadings several times throughout these proceedings, but not in ways that meaningfully affect the Court's resolution of Yates's motion for judgment on the pleadings. So the Court above refers only to the currently operative pleadings and here briefly summarizes those changes. After C&H answered and counterclaimed, Yates sought (and obtained) leave to amend her complaint to (1) name Bruce Anderson and James Fultz as defendants and (2) add a new count for retaliation alleging that C&H brought its counterclaim in a bad faith attempt to dissuade her from moving forward with her action. (Docs. 14, 17; Doc. 20, #102). C&H answered the amended complaint (Doc. 22) but then

unauthorized raises and manipulated and falsified hours worked, including her own." (Doc. 27, #174). As a result, C&H alleges it overpaid Yates and other employees, including for overtime hours that they did not work. (*Id.*). C&H also alleges that Yates "abused her limited authority to write C&H checks" by reimbursing herself for nonexistent expenses. (*Id.*; Doc. 27-2, #184–85; *see* Doc. 27-2, #189 (Attach. B); Doc. 27-3, #191 (Ex. 3)). Based on those allegations, C&H raises three counterclaims against Yates, all under Ohio law: (1) breach of duty of loyalty, (2) unjust enrichment, and (3) fraud. (Doc. 27, #176–77).

In response to the counterclaims, Yates amended her complaint to include a claim for retaliation under the FLSA. (Docs. 14, 17; Doc. 20, #100 (citing 29 U.S.C. §§ 215(a)(3), 218c(a))). She alleges that C&H's counterclaims have "no basis in fact" and were instead "brought to intimidate [her], inflict damages on her, and discourage her and other persons similarly situated from pursuing FLSA claims." (Doc. 20, #102).

Yates then filed a motion for judgment on the pleadings asking the Court to dismiss all three C&H counterclaims. (Doc. 48). There she presses two arguments. First, she contends the Court must dismiss C&H's counterclaims because they fall outside the Court's subject-matter jurisdiction. (Doc. 48, #317). That is because, she explains, her complaint and C&H's counterclaims do not share a "common nucleus of

---

amended that answer (Doc. 27). Despite the new answer and subsequent amendment, the company's counterclaims remain substantially unaltered. (*Id.*). Yates directed her motion for judgment on the pleadings (Doc. 48) toward C&H's amended answer and counterclaim (Doc. 27).

operative fact." (*Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Second, Yates argues that C&H did not plead its fraud counterclaim with the particularity that Federal Rule of Civil Procedure 9(b) requires. (*Id.* at #326).[3] Yates also requests that the Court render judgment in her favor on her retaliation claim. (*Id.* at #318–325). C&H responded. (Doc. 49). Yates replied. (Doc. 51).

With that, the matter is ripe for the Court's review.

## LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Yates's Rule 12(c) motion raises arguments primarily about the Court's subject-matter jurisdiction. (Doc. 48). That creates a problem—a Rule 12(c) motion requires "a decision on the merits that cannot be decided without first determining whether subject matter jurisdiction is proper, regardless of whether the court used the factual record to resolve that threshold inquiry." *Ogle v. Church of God*, 153 F. App'x 371, 374–75 (6th Cir. 2005). In other words, Rule 12(c) is not the proper vehicle through which to challenge a district court's subject-matter jurisdiction. *Id.* So the Court will consider those portions of Yates's motion that address subject-matter

[3] Yates does, at one point, suggest that C&H's counterclaims are time-barred by Ohio Revised Code Chapter 2305, which sets out the many different limitation periods applicable to claims under Ohio law. (Doc. 48, #327). She dedicates only one sentence of her motion to this argument and does not identify which of Chapter 2305's many sections purportedly bars C&H's counterclaims. (*Id.*). Then, once C&H noted this deficiency, she used her reply to expand her argument with a short paragraph naming R.C. §§ 2305.07 and 2305.11 and contending that C&H had the burden of preemptively disproving a statute of limitations defense. (Doc. 51, #356). Aside from incorrectly stating C&H's burden, *Arauz v. Bell*, 307 F. App'x 923, 927 n.5 (6th Cir. 2009) ("[T]he statute of limitations is typically an affirmative defense."), Yates raises the point too late in the game. As a matter of fairness, the Court will not consider arguments raised for the first time in a reply brief. *Ryan v. Flagstar Bank, FSB*, No. 2:23-cv-484, 2025 WL 1685303, at *5 n.2 (S.D. Ohio June 16, 2025).

jurisdiction as instead a Rule 12(b)(1) motion to dismiss. *See Adegunju v. DHI Mortg. Co., Ltd.*, 2:25-cv-841, 2026 WL 1162055, at *2 (S.D. Ohio Apr. 29, 2026).

Rule 12(b)(1) requires a court to dismiss when it lacks subject-matter jurisdiction. When subject-matter jurisdiction is challenged, the party raising the claim "has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Yates's motion raises a factual attack on the Court's subject-matter jurisdiction. (Doc. 51, #346 (arguing that C&H's counterclaims "elicit facts wholly outside the nexus of fact in a FLSA case")). So the Court is not obligated to presume that C&H's factual allegations are true and is, instead, "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

**B. Judgment on the Pleadings**

A different standard applies to those portions of Yates's motion that are properly brought under Rule 12(c). When a party moves for judgment on the pleadings, the analysis "generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). A plaintiff—or, as here, a counterclaimant—must allege "sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). While a "plausible" claim for relief does not require a showing of probable liability, it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must allege

facts sufficient for the Court "to draw the reasonable inference that the defendant is liable." *Id.*

In determining whether the allegations meet that standard, the Court "construe[s] the [counterclaim] in the light most favorable to the [counterclaimant], draw[s] all reasonable inferences in its favor, and accept[s] all well-pleaded allegations in the [counterclaim] as true." *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 310 (6th Cir. 2021). But that does not mean the Court must take the allegations as gospel, no matter how unsupported they are. The Court may disregard "naked assertions" of fact or "formulaic recitation[s] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## LAW AND ANALYSIS

### A. The Court has Subject-Matter Jurisdiction Over C&H's Counterclaims.

Federal courts—as judges often remind—are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Their authority is limited to those cases "that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Because subject-matter jurisdiction issues run directly to the Court's power to adjudicate, the Court must address those issues before turning to the case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998).

Start with the statutory basis for subject-matter jurisdiction. Congress has allowed federal courts to hear civil actions that arise under federal law, 28 U.S.C.

§ 1331, or that are between citizens of different states where the amount in controversy exceeds $75,000, *id.* § 1332. And, with caveats not relevant here, when a claim falls within one of those provisions, a district court has supplemental jurisdiction over all other claims in the action that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). That means the Court may hear closely related claims that, if they were brought alone, would fall outside its subject-matter jurisdiction.

To assess whether a claim is part of "the same case or controversy," the Court must assess whether the claims "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725. That inquiry is practical, asking whether the claims "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. Cnty. of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993)). In other words, are the claims logically related? Do they raise substantially the same issues of law and fact? And do they require substantially the same evidence? *Sanders v. First Nat'l Bank & Tr. Co.*, 936 F.2d 273, 277 (6th Cir. 1991).

Start with an easy jurisdictional issue—there is no question that Yates's claims fall within the Court's subject-matter jurisdiction. She sued C&H under the FLSA, a federal law. 29 U.S.C. § 216(b); 28 U.S.C. § 1331. And, because her state-law claims arise from the same facts as her FLSA claims—C&H's alleged underpayment of its workers for their overtime—those claims fall within the Courts' supplemental jurisdiction under § 1367(a).

But what about C&H's counterclaims? That question is harder. All C&H's counterclaims arise from Ohio common law, and all the parties are residents of Ohio, so that rules out jurisdiction under § 1331 and § 1332. The only way the Court may consider C&H's counterclaims, then, is if they are within the Court's supplemental jurisdiction under § 1367(a). So the question is whether C&H's counterclaims for breach of the duty of loyalty, unjust enrichment, and fraud, and Yates's FLSA claims all "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725. Yates says they don't. (Doc. 48, #318–20). C&H says they do. (Doc. 49, #332–35). The Court agrees with C&H.

The Court acknowledges that district courts throughout the Sixth Circuit routinely find that employer counterclaims in FLSA overtime cases fall outside the court's supplemental jurisdiction. *Taylor v. CHAT-TN, LLC*, No. 1:21-cv-177, 2021 WL 7906827, at *3 (E.D. Tenn., Dec. 20, 2021) (collecting cases). This is sometimes wise as a practical matter because it discourages employers from filing baseless, retaliatory counterclaims. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010). But the FLSA's text does not contain an employer-can't-counterclaim provision. Instead, courts that decline to exercise supplemental jurisdiction over an employer's counterclaims typically do so because those counterclaims have no "bearing on the hours worked, wages paid, or the issue of overtime compensation." *E.g.*, *Dixson v. Supreme Touch Home Health Servs. Corp.*, No. 2:24-cv-3828, 2025 WL 2696482, at *4 (S.D. Ohio Sep. 22, 2025). So, yes, an employer's counterclaims generally fall outside a district court's supplemental jurisdiction when they arise from

nothing more than the employment relationship itself, as Yates suggests. (Doc. 48, #318). But that is a function of factual dissimilarity; it is not reflective of a general prohibition on employers raising closely related counterclaims when one of their employees sues under the FLSA. *See Ayub v. Picco*, 293 F. Supp. 3d 215, 216–17 (D.D.C. 2018).

Here, Yates's FLSA claims and C&H's counterclaims both grow from the same evidentiary roots. They share much more in common than the simple fact that Yates worked for C&H. To prove that C&H undercompensated its employees, Yates will almost certainly need to present evidence related to C&H's payroll practices, timekeeping systems, compensation calculations, and overtime records. This will likely require her to marshal witnesses familiar with those features of C&H's business. C&H will likely need to present just about the same evidence (though cast in a different light) and roughly the same witnesses (though to testify to different aspects of C&H's business). The theory underpinning its counterclaims is, after all, that Yates (allegedly) abused her role in maintaining the company's payroll practices and timekeeping systems and that she failed to accurately generate its compensation calculations and overtime records. Or, as another district court succinctly put it, "Plaintiff's FLSA claim is to recover underpaid wages, whereas Defendant's counterclaim is to recover overpaid wages." *Jones v. Addictive Behavioral Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1264 (D. Kan. 2019). If Yates's version of the facts is true, she did her job faithfully yet C&H failed to pay its workers (Yates included) the appropriate overtime rate. But if C&H's version of the facts is true,

Yates cooked C&H's books and caused the company to overpay its workers (Yates included). Who knows at this point where the truth lies? Regardless, both sets of claims will require analysis of the same evidence and testimony from the same witnesses, which suggests that C&H's counterclaims fall within the Court's supplemental jurisdiction.

Moreover, even if Yates's FLSA overtime claim doesn't share enough facts in common with C&H's counterclaims to bring them within the Court's supplemental jurisdiction, her FLSA retaliation claim surely does. Recall that Yates amended her complaint to allege that C&H counterclaimed only to "intimidate [her], inflict damages on her, and discourage her and other persons similarly situated from pursuing FLSA claims." (Doc. 20, #102). To prove that claim, Yates will need to demonstrate that C&H's counterclaims lack merit. To disprove that claim, C&H will likely try to demonstrate that it raised its counterclaims in good faith, a defense which "in turn, rests on the bona fides of the[] counterclaims." *Ayub*, 293 F. Supp. 3d at 216–17. Put simply, Plaintiff's claims and Defendant's counterclaims are inversely mirrored: The facts necessary to prove the latter will necessarily disprove the former. That's why district courts throughout the country have found that nearly identical employer counterclaims fell within their supplemental jurisdiction when those counterclaims were the subject of a plaintiff's retaliation claim. *See id.*; *Ott v. Chacha in Art LLC*, No. 1:18-cv-1135, 2019 WL 10252743, at *2 (D. Colo. May 1, 2019); *Figuera v. All VIP Care Inc.*, No. 0:22-CV-61553, 2023 WL 11931143, at *3 (S.D. Fla.

Apr. 7, 2023); *Bd. of Tr. of Iuoe Loc. 4 Pension Fund v. Alongi*, No. 21-cv-10163, 2022 WL 17541936, at *5 (D. Mass. Dec. 8, 2022).

In sum, both of Yates's FLSA claims are logically, factually, and legally related to C&H's counterclaims. That being so, the Court finds that they "derive from a common nucleus of operative fact" such that one "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725. Thus, C&H's counterclaims fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

**B. C&H's Fraud Counterclaim Satisfies Rule 9(b).**

Separately, Yates contends that the Court must dismiss C&H's fraud counterclaim because the company did not plead that counterclaim with enough particularity. (Doc. 48, #325–27). True, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." But C&H met that standard, so the Court denies Yates's motion for judgment on the pleadings as it relates to C&H's fraud counterclaim.

Under Rule 9(b), a party raising a fraud claim must allege the "who, what, when, where, and how" of the fraud. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255 (6th Cir. 2012) (quoting *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1174 (5th Cir. 2006)). This prevents "fishing expeditions" and "narrow[s] potentially wide-ranging discovery." *Id.* (quoting *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011)). It also helps put the defendant on notice as to the "precise misconduct with which they are charged." *U.S. ex rel. Prather v. Brookdale Senior Living Cmtys.,*

*Inc.*, 838 F.3d 750, 771 (6th Cir. 2016) (quoting *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)).

But Rule 9(b) requires only particular *allegations*, not proof. *Id.* The Rule does not "reintroduce [the] formalities to pleading" that were once an archaic (and much maligned) fixture of civil practice. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007); *see also* 4 *Wright & Miller's Federal Practice & Procedure* § 1042 (4th ed. 2008). Nor does it require the party bringing the fraud claim to present all the evidence necessary to support their claim. *United States v. Lillian H. & Karl W. Scott Found.*, No. 09–12785, 2010 WL 1754994, at *3 (E.D. Mich. Apr. 30, 2010). Indeed, at the pleadings stage, a party will often lack necessary evidence. That is why the Federal Rules of Civil Procedure provide mechanisms for discovery. *Rucker v. Lindamood*, No. 1:16-cv-90, 2018 WL 11600241, at *3 (M.D. Tenn. May 7, 2018). Stitching those principles together, a party complies with Rule 9(b) if they allege particular facts sufficient, given the context, to make the opposing party aware of the nature of the alleged fraud.

Here, C&H's fraud counterclaim has all the right building blocks. It alleges that Yates (who) falsified her own and others' timekeeping records (what) during her employment at C&H (when and where) by logging hours for herself and others that they never actually worked (how). *Republic Bank & Tr. Co.*, 683 F.3d at 255; (Doc. 27, #173–75, 177–78). C&H also provided particular allegations about Yates's position of trust within the company. (Doc. 27-2, #184–85). She was C&H's sole bookkeeper, and by virtue of that position, had access to the company's records and the ability to alter

them. (*Id.*). While C&H's fraud counterclaim is not long, it does contain enough detail to put Yates on notice as to the "precise misconduct with which [she is] charged." *U.S. ex rel. Prather*, 838 F.3d at 771 (quoting *Clausen*, 290 F.3d at 1313). It does not appear to the Court to be the kind of fishing-expedition-type claim that Rule 9(b) forbids. *Republic Bank & Tr. Co.*, 683 F.3d at 255. Accordingly, the Court denies Yates's motion as it relates to C&H's fraud counterclaim. (Doc. 48).

### C. Yates Is Not Entitled to Judgment on the Pleadings on Her Retaliation Claim.

That leaves one final matter. Though Yates's motion is not entirely clear, it is possible to read it as affirmatively requesting the Court to grant her judgment on her retaliation claim against C&H. (Doc. 48, #320–25). That is a proper use of Rule 12(c). *Astor v. Int'l Bus. Machs. Corp.*, 7 F.3d 533, 538 (6th Cir. 1993). And it appears that C&H has understood Yates's motion this way, too. (Doc. 49, #337). Insofar as Yates makes that request, the Court denies it. She has not demonstrated that she is entitled to judgment as a matter of law. *Astor*, 7 F.3d at 538.

Yates spends much of her motion setting up the law she believes applies to retaliation claims like hers. She quotes extensively from two cases where courts have found that plaintiffs plausibly alleged FLSA retaliation claims against employers who counterclaimed even though the plaintiff no longer worked for the employer when it filed those counterclaims. (Doc. 48, #320–22 (first quoting *Wilder v. New Albany Health Assocs. MSO, LLC*, No. 2:15-cv-1423, 2015 WL 5244463 (S.D. Ohio Sep. 9, 2015); then quoting *McCrea v. Blue Star Motel*, No. 1:21-cv-270, 2022 WL 708737 (W.D. Mich. Jan. 27, 2022), *R. & R. adopted*, 2022 WL 593588)).

But multi-page block quotations offered without analysis, like those Yates provides, are rarely helpful. That holds true here. Perhaps Yates has shown that the FLSA permits retaliation claims premised on a defendant-employer's baseless counterclaim even when the plaintiff has left the defendant's employ, as *Wilder*, *McCrea*, and the other cases she cites suggest. (*Contra* Doc. 49, #337–38); *see* 29 U.S.C. §§ 215(a)(3), 218c(a). However, Yates makes little attempt to apply her favored case law to the facts here. That matters. As the Sixth Circuit recently articulated the standard in an unpublished (but still persuasive) opinion, the counterclaims must "lack a reasonable basis in fact or law" and be "motivated by retaliatory intent." *Wedding v. Madisonville Health & Rehab., LLC*, No. 25-6050, 2026 WL 2970294, at *5 (6th Cir. Oct. 2, 2026).[4] Consistent with that, in *McCrea* and *Wilder*, the cases on which she relies, defendants brought counterclaims that were entirely "devoid of merit," *McCrea*, 2022 WL 708737, at *4, or "baseless," *Wilder*, 2015 WL 5244463, at *3. But here Yates has not yet said much about why C&H's counterclaims are factually or legally baseless or about how she knows C&H pleaded them with retaliatory intent. Accordingly, she has not demonstrated that she is entitled to

[4] The Sixth Circuit in *Wedding* also left open a question that may be particularly relevant to this case: "whether and under what circumstances a compulsory counterclaim under Federal Rule of Civil Procedure 13(a) can be retaliatory under the FLSA." *Wedding*, 2026 WL 2970294, at *5 n.2. Here, C&H's counterclaims are likely compulsory because they arise from the same occurrence as Yates's claims and do not require joinder of additional parties over whom the Court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a). But, as was true in *Wedding*, the parties have not briefed whether C&H could not have intended to retaliate against Yates by filing its counterclaims because those counterclaims were compulsory. While this issue is enticing, the Court is bound by the party-presentation principle to leave it for a case where it is properly presented. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026).

judgment on her retaliation claim as a matter of law. *Astor*, 7 F.3d at 538. So the Court denies her motion for judgment on the pleadings on that front. (Doc. 48).

## CONCLUSION

For the foregoing reasons, the Court the Court **DENIES** Yates's Motion for Judgment on the Pleadings. (Doc. 48).

**SO ORDERED.**

October 27, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**